UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| ROBERT NEVILLE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CV617-075 |
| ELIZABETH C. MCCAGHREN, | ) | |
| Defendant. | ) | |

# ORDER

Proceeding *pro se*, Robert Neville has filed another Complaint alleging fraud and mismanagement of his mother's estate by defendant Elizabeth C. McCaghren, his half-sister. *See* doc. 1. The Court dismissed without prejudice a previous lawsuit alleging substantially the same facts. *Compare id.*, with *Neville v. McCaghren*, CV615-028, doc. 10 (S.D. Ga. June 5, 2015) (Amended Complaint); *see also Neville*, CV615-028, doc. 38 (S.D. Ga. May 20, 2016) (dismissal); *id.* doc. 52 (S.D. Ga. May 4, 2017) (imposing special handling instructions on his future filings); *In re Neville*, MC617-001, doc. 3 (S.D. Ga. May 17, 2017) (authorizing filing of the instant case). Neville seeks leave to proceed *in forma pauperis* (IFP).

Doc. 2 at 9-10.

Neville's IFP motion claims $723 in monthly social security disability income. CV617-075, doc. 2 at 9. He also discloses that he has $210.00 in cash, or in a checking or savings account. *Id.* He claims that he has no other assets, and no other expenses, and more than $100,000 in student loans. *Id.* at 10. Wary of such indigency claims and cognizant of how easily one may consume a public resource with no financial skin in the game,[1] this Court demands supplemental information from dubious IFP movants. *See, e.g., Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345, 1346-48 (S.D. Ga. 2013); *Robbins v. Universal Music Group*, 2013 WL 1146865 at * 1 (S.D. Ga. Mar. 19, 2013).

---

[1] "[A] litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Courts thus deploy appropriate scrutiny. *See Hobby v. Beneficial Mortg. Co. of Va.*, 2005 WL 5409003 at *7 (E.D. Va. June 3, 2005) (debtor denied IFP status where, although she was unable to find employment as a substitute teacher, she had not shown she is unable to work and earn income in other ways); *In re Fromal*, 151 B.R. 733, 735 (E.D. Va. 1993) (denying IFP application where debtor was licensed attorney and accountant and she offered no reason why she cannot find employment), cited in *In re Zow*, 2013 WL 1405533 at * 2 (Bkrtcy. S.D. Ga. Mar. 4, 2013) (denying IFP to "highly educated" bankruptcy debtor who, *inter alia*, had "not shown he is physically unable to work or earn income in other ways."); *Nixon v. United Parcel Serv.*, 2013 WL 1364107 at *1-2 (M.D. Ga. Apr. 3, 2013) (court examined income and expenses on long-form IFP affidavit and determined that plaintiff in fact had the ability to pay the court's filing fee).

Given the totality of the circumstances, it will do likewise here.[2] Therefore, within 14 days from the date this Order is filed, Neville shall disclose to the Court the following information:

(1) What he spends each month for basic living expenses such as food, clothing, shelter, and utilities;

(2) Where he gets the money to pay for those expenses (include *all* "off-the-books" income, whether in cash or in-kind);

(3) Whether he owns any means of transportation and, if he does not, whether he has regular access to same, as owned by another (including a rental company);

(4) Whether he possesses a cellular telephone, TV set, and any home electronics equipment (include estimated value and related carrying expenses, such as carrier and subscription fees);

(5) Whether he anticipates any future income within the next year;

(6) A list of any other cases showing an indigency-based, filing fee reduction or waiver granted by any other court (include

---

[2] Two important points must be underscored. First, proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). And second, courts have discretion to afford litigants IFP status; it's not automatic. 28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary).

the full case name, case number and the name of the court granting same); and

(7) Whether he is current on his student loan debt and, if so, how.

Answering these points will better illuminate Neville's true financial condition. In that regard, he must declare the facts he pleads to be true under penalty of perjury. He must insert this above his signature: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746(1).³ Failure to comply with this directive will result in a recommendation of dismissal. *See Kareem v. Home Source Rental*, 2014 WL 24347 at * 1 (S.D. Ga. Jan. 2, 2014).

**SO ORDERED**, this  19th  day of May, 2017.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

³ To that end, this Court tolerates no lies. *Moss v. Premiere Credit of North America, LLC*, CV411-123, doc. 54 (S.D. Ga. Mar. 6, 2013) (Eleventh Circuit Order: "Moss's [IFP on appeal] motion is DENIED because her allegation of poverty appears to be untrue in light of her financial affidavit and filings in the district court.") Furthermore, liars may be prosecuted. *See United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), *cited in Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012) (collecting sanction cases).