# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

ROBERT NEVILLE, )
)
    Plaintiff, )
)
v. ) CV617-075
)
ELIZABETH C. MCCAGHREN, )
)
    Defendant. )

## ORDER

*Pro se* plaintiff Robert Neville has filed another Complaint alleging fraud and mismanagement of his mother's estate by defendant Elizabeth C. McCaghren, his half-sister. *See* doc. 1. The Court dismissed a previous lawsuit alleging substantially (if not virtually identically) the same facts without prejudice. *See Neville v. McCaghren*, CV615-028, doc. 38 (S.D. Ga. May 20, 2016) (dismissal without prejudice); doc. 52 (S.D. Ga. May 4, 2017) (imposing special handling instructions on his future filings); *In re Neville*, MC617-001, doc. 3 (S.D. Ga. May 17, 2017) (authorizing filing of the instant case). *Compare* doc. 1, *with Neville*, CV615-028, doc. 10 (S.D. Ga. June 5, 2015) (Amended Complaint); *and*

*Neville*, CV615-028, doc. 18 at 2 n. 2 (S.D. Ga. Dec. 21, 2015) (identifying claims for "gross negligence," "breach of fiduciary duty," "simple negligence," "embezzlement," "exploitation of the elderly," and "tolling the statute of limitations  Neville seeks leave to proceed *in forma pauperis* (IFP). Doc. 2 at 9-10. The Court directed him to provide additional financial information in support of his request (doc. 3), and he complied. Doc. 4 (response); doc. 5 (amended response). Since he appears indigent, the Court **GRANTS** his request. Doc. 2.

As this Court has previously explained, having sufficiently alleged facts supporting subject matter jurisdiction, Neville's allegations are sufficient to survive screening under 28 U.S.C. § 1915(e)(2).[1] *See* CV615-

---

[1] The Court is mindful of the allegations, made in the context of his previous case, that Neville is mentally ill and prone to frivolous and vexatious litigation. *See* CV615-028, doc. 48 (defendant's motion for sanctions) (S.D. Ga. April 13, 2017); doc. 48-1 (affidavit attesting to frivolous litigation filed in state and federal courts in Florida); doc. 52 at 4 (S.D. Ga. April 4, 2017) (noting that, after voluntarily dismissing his case, "Plaintiff has repeatedly filed frivolous motions."). At the screening stage, however, a *pro se* complaint must be liberally construed and its allegations taken as true. *See, e.g., Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (noting that *pro se* pleadings are "held to a less stringent standard" and noting that dismissal is warranted "when the facts as pleaded" do not state a plausible claim).

Given that standard, Neville's Complaint is sufficient to be served on the defendant. However, Neville is warned that, even as a *pro se* litigant, he is subject to the Federal Rules of Civil Procedure, including Rule 11's provisions concerning the significance of signing papers filed with the Court and possible sanctions for violations. *See* Fed. R. Civ. P. 11(b) (signing or filing a pleading implies a

028, doc. 18 at 2-3 (Dec. 21, 2015). Unlike the dispute concerning the parties' citizenship that arose in that case, here Neville clearly alleges facts sufficient to support diversity jurisdiction. *See* doc. 1 at 1 (alleging Neville is a citizen of Louisiana and McCaghren is a citizen of either Florida or North Carolina), 6 (alleging $14.9 million "in actual damages"); 28 U.S.C. § 1332(a) (establishing subject matter jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States").

With jurisdictional requirements satisfied, the Court (again) approves this case for service on the defendant. To that end, the Court will implement the service procedure deployed in *Newton v. Food Lion, LLC*, CV415-153, doc. 10 (S.D. Ga. Dec. 9, 2015) and *Simmons v. Five Star Quality Care, Inc.*, 2014 WL 6603759 at * 4 (S.D. Ga. Nov. 19, 2014), *adopted*, 2015 WL 307003 (S.D. Ga. Jan. 23, 2015).

---

certification, among other things, that "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;" and the factual and legal contentions are properly supported); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (affirming sanctions against a *pro se* IFP litigant); *LaFavors v. Thayer*, 2017 WL 3034250 at * 2 (11th Cir. July 18, 2017) ("Even when a pro se litigant is indigent or proceeding *in forma pauperis* . . . , he is subject to sanctions -- including monetary sanctions -- under [the Federal Rules of Civil Procedure].").

3

That process unfolds in stages. Since the Court has authorized Neville to proceed IFP, Rule 4 service must be made by the United States Marshals Service. Fed. R. Civ. P. 4(c)(3) (the court "must" order that service be made by the Marshal "if the plaintiff is authorized to proceed [IFP]"). But the Marshal needs to know where to serve the defendant, and that information must come from the plaintiff. *See Bowman v. Johnson*, 2010 WL 1225693 at * 1 (E.D. Va. Mar. 26, 2010) ("It is well established that Plaintiff is responsible for providing the Court and the Marshal the proper address for serving a defendant.") (citing, *inter alia.*, *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993)). Hence, the Clerk is **DIRECTED** to send plaintiff a USM 285 form and a summons form. Within twenty-one days of that mailing, plaintiff must accurately complete both forms[2] and return them to the Clerk. The Clerk is instructed to notify the undersigned if plaintiff fails to comply. Should plaintiff fail to comply, this action may be dismissed for failure to obey a Court order. S.D. Ga. L. Civ. R. 41.1.

If plaintiff returns the required forms, the Clerk will prepare a

---

[2] Both forms require the plaintiff to list the defendant's name and address.

4

service waiver package for the defendant. Fed. R. Civ. P. 4(d)(1).[3] That package must include: a Rule 4 notice of Lawsuit and Request to Waive Service of Summons (prepared by the Clerk); two copies of the Waiver of the Service of Summons form (prepared by the Clerk); an envelope addressed to the Clerk of Court with adequate first-class postage for use by the defendant for return of the waiver form; one copy of the Complaint, and one copy of this Order. The Clerk shall retain and docket the original USM 285 forms and the summons returned by the plaintiff. *See Dunn*, 2014 WL 1028949 at * 3.

Next, the Clerk shall mail the service waiver package to the defendant. The defendant is under a duty to avoid unnecessary costs of

---

[3] Although Rule 4's Marshal-service mandate is clear, the Court's interest in preserving resources and minimizing burden on the Marshal's staff support attempting to secure defendant's waiver of formal service, as contemplated by Fed. R. Civ. P. 4(d) and this Court's Local Rules. *See* S.D. Ga. L. Civ. R. 4.5 ("In cases in which the plaintiff is authorized to proceed [IFP] . . ., unless personal service by the Marshal is ordered by the Court, the Marshal may utilize any other form of service *or waiver* authorized by Federal Rule of Civil Procedure 4." (emphasis added)); *see also* Charles Alan Wright, Arthur R. Miller, *et al.*, 4A Fed. Prac. & Proc. Civ. § 1090 (4th ed. 2017) (noting that the policy supporting Marshal service for IFP plaintiffs "is to provide service for those who cannot afford private service," but "the plaintiff [or, in this case, the Clerk] should first attempt to make service by some other means provided for in the rule; only when this proves unfeasible" should service by the Marshal be used). Other Courts have also directed that Court staff make an attempt to secure defendant's waiver of formal service before requiring the Marshal to effect formal service. *See, e.g., Dunn v. Federal Express*, 2014 WL 1028949 at *2-3 (N.D. Ga. Mar. 14, 2014) (directing attempt to secure service waiver, and directing USMS service "[i]n the event Defendant does not return the Waiver of Service form to the Clerk of Court" within the specified period).

personally serving the summons. If she fails to comply with the mailed request for waiver of service, she must bear the costs of personal service, *unless good cause can be shown for failure to return the Waiver of Service form.* *See* Fed. R. Civ. P. 4(d)(2). Should McCaghren fail to waive service within sixty days following the date the service waiver package is mailed (the Clerk shall docket that act), the Clerk will prepare and transmit a service package to the Marshal. The service package must include the fully completed USM 285 form, the summons, one copy of the Complaint, and one copy of this Order. Upon receipt of the service package, the Marshal is **DIRECTED** to promptly serve the defendant.

Once the Complaint is served upon the defendant, Neville must then serve her (through her counsel, if she is represented) with a copy of every additional pleading or other document which he files with the Court. *See* Fed. R. Civ. P. 5. He also shall include with each paper so filed a certificate stating the date on which he mailed an accurate copy of that paper to the defendant or her counsel. The Court will disregard any papers submitted which have not been properly filed with the Clerk or which do not include a certificate of service.

Finally, plaintiff must also keep the Court and defendant advised of

his current address at all times during the pendency of this action. Failure to do so may result in dismissal of his Complaint. Neville must also litigate his case, conduct and respond to discovery, and comply with both the Federal Rules of Civil Procedure, which are available at http://www.uscourts.gov/sites/default/files/Rules%20of%20Civil%20Procedure, and this Court's Local Rules, which are available at http://www.gasd.uscourts.gov/lr/lr1.htm.

Because the Court is implementing the service process outlined above, Neville's motion for leave to serve lawsuit, doc. 6, is **DENIED as moot**.

**SO ORDERED,** this 22nd day of August, 2017.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA