IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| ROBERT NEVILLE, | * | |
| Plaintiff, | * | |
| v. | * | CV 617-075 |
| ELIZABETH C. MCCAGHREN, | * | |
| Defendant. | * | |

**O R D E R**

On January 3, 2019, the Court entered an Order imposing sanctions on Plaintiff Robert Neville for engaging "in a systematic pattern of harassment" of Defendant Elizabeth McCaghren and her counsel and for ignoring the Court's instructions by repeatedly filing frivolous motions. (Order of Jan. 3, 2019, Doc. 78, at 15-16.) The Court also granted in part Defendant's motion for sanctions. (Id. at 15 n.6.) Defendant sought attorney's fees and costs incurred over multiple lawsuits between her and Plaintiff, but the Court found that request to be too broad under Federal Rule of Civil Procedure 11(c)(2). (Id.) Instead, Defendant was invited to submit a statement of attorney's fees and costs incurred in connection with her Rule 11 motion for sanctions.

Defendant has now filed an itemized affidavit requesting $1,750.00 in fees. (Aff. of Susan W. Cox ("Cox Aff."), Doc. 81-

1, ¶ 11.) That total represents 7.5 hours billed by Andrew Lavoie at a rate of $225.00 per hour and 0.25 hours billed by Susan Cox at a rate of $250.00 per hour. (Id. ¶¶ 4, 7-11.) Plaintiff has not responded or objected to Ms. Cox's affidavit, despite being provided an opportunity to do so. (See Order of Jan. 3, 2019, at 17.)

A court may award attorney's fees solely by looking to the record. Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). To set the amount of recoverable attorney's fees, the Court must first determine a lodestar, which is calculated "by multiplication of a reasonable hourly rate times hours reasonably expended." Id. at 1302. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id. at 1299 (citing Blum v. Stenson, 465 U.S. 886, 895-96 n.11 (1984)). Reasonable hours are presented when the fee applicant exercises "billing judgment" and excludes any "'excessive, redundant or otherwise unnecessary' hours" from the amount sought. Id. at 1301 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434-37 (1983)).

Turning to the case at hand, the Court has previously approved the same or higher billing rate as reasonable in the Augusta and Savannah legal markets. See, e.g., Plumbers and Steamfitters Local No. 150 v. Muns Grp., Inc., CV 115-200, Doc. 37 (S.D. Ga. Mar. 22,

2

2017) (setting $300.00 per hour as reasonable billing rate in Augusta); Savannah-Chatham Cnty. Fair Hous. Council v. Alvin L. Davis, Inc., 2007 WL 1288130, at *5 (S.D. Ga. Apr. 30, 2007) (finding $250.00 is reasonable hourly rate in Savannah area). Further, the hours expended were not excessive and relate only to defense counsel's time spent working on the motion for sanctions, as required by Rule 11. See FED. R. CIV. P. 11(c)(2) ("[T]he court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.") Finally, defense counsel's efforts achieved a positive result for Defendant by winning the motion for sanctions and preventing Plaintiff from continuing to harass Defendant with frivolous motions. See Norman, 836 F.2d at 1302 ("If the result was excellent, then the court should compensate for all hours reasonably expended.")

Based on the foregoing, the Court finds the fees sought by Ms. Cox and Mr. Lavoie to be reasonable in both time spent and rate charged. Therefore, attorneys' fees in the amount of $1,750.00 are **AWARDED** to Defendant for her expenses incurred as a result of the Rule 11 motion for sanctions.

**ORDER ENTERED** at Augusta, Georgia, this 7th day of March, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA